IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN JOSEPH SUDBECK,<br><br>              Plaintiff,<br><br>vs.<br><br>NORFOLK REGIONAL CENTER,<br>and  NRC/LRC,<br><br>              Defendants. | **8:21CV264**<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a patient at the Norfolk Regional Center ("NRC"), has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff complains that the Lincoln Regional Center ("LRC") "went behind my back … to force me to pay my treatment." He alleges that LRC applied to be the payee for his Social Security benefits,[1] and that from February 26, 2003, to the present, his benefits have been paid to LRC or NRC. He seeks reimbursement.

---

[1] Under Nebraska law, civilly committed patients in state institutions are liable for the cost of their care and treatment. *See* Neb. Rev. Stat. § 83-364. The Social Security Act provides that if an individual is unable to manage his or her benefits, a person or entity can apply to be representative payee to receive the individual's benefits. *See* 42 U.S.C. § 405(j); *see also King v. Schafer*, 940 F.2d 1182 (8th Cir. 1991) (appointment of Missouri Department of Mental Health as representative payee of involuntarily committed patients was authorized under Social Security Act and applicable federal regulations; using benefits to pay for their care and treatment did not violate the Act's anti-attachment provision, 42 U.S.C. § 407(a)).

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

NRC and LRC are both state instrumentalities operated by the Nebraska Department of Health and Human Services. *Pointer v. Lincoln Reg'l Ctr.*, No. 8:08CV80, 2008 WL 2773859, at *2 (D. Neb. July 14, 2008); *see* Neb. Rev. Stat. §§ 71-911, 83-101.06. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d

615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.,* 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Congress did not abrogate states' sovereign immunity in § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67, 71 (1989), and Nebraska has not waived its immunity, *see Roe v. Nebraska*, 861 F.3d 785, 789 (8th Cir. 2017). Consequently, Plaintiff cannot obtain the relief he requests in this action.

Even if Plaintiff were seeking only prospective equitable relief, the facts alleged do not show that his federal constitutional or statutory rights are being violated by Defendants or by the Nebraska Department of Health and Human Services. The court will not grant Plaintiff leave to file an amended complaint because it does not appear that an actionable claim for relief can be stated. The dismissal of this action will be without prejudice to refiling, however.

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice.

2. Plaintiff's motions for appointment of counsel (Filings 6, 7) are denied without prejudice, as moot.

3. Judgment shall be entered by separate document.

Dated this 16th day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge